IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER F. WINGARD,

                Plaintiff,

    v.

  METRO KIA OF MADISON,

                Defendant.

ORDER

14-cv-185-jdp

---

PETER F. WINGARD,

                Plaintiff,

    v.

  BALLWEG CHEVROLET,

                Defendant.

ORDER

14-cv-401-jdp

---

PETER F. WINGARD,

                Plaintiff,

    v.

  METRO FORD OF MADISON,

                Defendant.

ORDER

14-cv-402-jdp

---

PETER F. WINGARD,

                Plaintiff,

    v.

SMART MOTORS TOYOTA,

                Defendant.

ORDER

14-cv-403-jdp

---

PETER F. WINGARD,

                Plaintiff,

    v.

ORDER

14-cv-404-jdp

ZIMBRICK HONDA,

Defendant.

_____

The parties have cooperated on some discovery and pre-hearing disclosures in advance of the February 20 evidentiary hearing on plaintiff's standing. Defendants have asked the court to referee disputes over three details. I appreciate that the parties have worked out as much as they have, and I will rule on these details without waiting for plaintiff's response because the hearing is about a week away and the parties need quick answers.

1.      The parties have agreed to exchange witness and exhibits lists by Thursday, February 12, at 5 p.m. Defendants would like the court to set a quick deadline (Friday evening or Monday morning) for disclosing objections to witnesses and exhibits; plaintiff opposes this. Defendants' proposal is generally reasonable and helpful. To foster fairness and efficiency, the parties have until Monday, February 16, at 10 a.m., to lodge objections to the other side's witnesses and exhibits. I will not, however, deem objections not made by this deadline to be irredeemably waived if the delay in making the objection is justified. I will rule on all evidentiary objections at the hearing, and whether the objection was made by the Monday deadline will be a factor that I will consider.

2.      Defendants seek to prohibit plaintiff from identifying new witnesses after Wingard's deposition. I will not bar plaintiff (or defendants) from identifying new witnesses bearing on Wingard's standing, although the late disclosure of any such witnesses may cast doubt on their utility and legitimacy. Accordingly, either side may supplement its witness list with good cause shown.

3.      Defendants request three hours for Wingard's deposition; plaintiff offers two. I will not limit defendants to two hours for Wingard's deposition. Consistent with this court's

2

general approach to discovery in patent cases, defendants may have as long as they reasonably need to depose Wingard on the standing issue. Defendants' request for three hours should give the parties a rough idea of how long defendants likely need, but even that is not a strict limit. Defendants should avoid repetitious or cumulative examination. Although there are five separate cases and defendants, the evidence bearing on the standing issue is exactly the same in each case. A single examination by one attorney ought to cover the territory for all defendants, but I will not bar counsel for the other defendants from asking non-redundant questions of their own.

## ORDER

IT IS ORDERED that:

Defendants' emergency motion is GRANTED in part and DENIED in part as provided above.

Entered February 12, 2015.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge

3